**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Bix Produce Company, LLC,                                  Civil No. 05-1914 (DWF/SRN)

      Plaintiff,

                                                                 **ORDER**

Bilimbi Bay Minnesota, LLC, d/b/a
Bilimbi Bay, and F. Lamar Hamilton,

      Defendants.

---

Andy L. Bond, Esq., Bond Law Office, counsel for Plaintiff.

C. John Jossart, Esq., and John Harper, III, Esq., Krass Monroe, PA, counsel for Defendants.

---

      Bilimbi Bay Minnesota, LLC, d/b/a Bilimbi Bay, ("Bilimbi Bay") and F. Lamar Hamilton have requested leave of this Court to file a motion to reconsider this Court's Order denying Bilimbi Bay and Hamilton's motion for summary judgment.

      Pursuant to Local Rule 7.1(g), a request for leave to file a motion for reconsideration will only be granted upon a showing of "compelling circumstances." Here, Bilimbi Bay and Hamilton contend that the Court improperly shifted the burden of proof from Bix Produce Company, LLC ("Bix") to Bilimbi Bay and Hamilton to show that Bilimbi Bay purchased more than $230,000 worth of produce in a calendar year.

Bilimbi Bay and Hamilton misconstrue their summary judgment burden. As the United States Supreme Court has explained:

> The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment. The manner in which this showing can be made depends upon which party will bear the burden of persuasion on the challenged claim at trial. . . .
>
> If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.
>
> Where the moving party adopts this second option and seeks summary judgment on the ground that the nonmoving party-who will bear the burden of persuasion at trial-has no evidence, the mechanics of discharging Rule 56's burden of production are somewhat trickier. Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient. Such a "burden" of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment. Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record. This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record. Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.
>
> If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the Court need not consider whether the moving party has met its ultimate burden of persuasion. . . .

*Celotex Corp. v. Catrett*, 477 U.S. 317, 331-32 (1986) (citations omitted).

In this case, to meet their burden, Bilimbi Bay and Hamilton submitted only one affidavit—the Affidavit of F. Lamar Hamilton. As the Court explained in its previous Order, that affidavit, which was based upon a review of invoices for a "three-month period prior to cessation of business" and upon "information and belief," is insufficient as a matter of law to support Bilimbi Bay and Hamilton's summary judgment motion. Therefore, having reviewed the record and the parties' arguments, the Court finds no compelling circumstances to warrant reconsideration.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Bilimbi Bay Minnesota, LLC, d/b/a Bilimbi Bay, ("Bilimbi Bay") and F. Lamar Hamilton's request for leave to file a motion to reconsider (Doc. No. 24) is **DENIED.**


Dated: August 7, 2006                              s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   Judge of United States District Court